1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    JILL BURNELL, et al.,                    Case No.  14-cv-05635-JSC

            Plaintiffs,
8
                                             **ORDER GRANTING MOTIONS TO**
9        v.                                   **DISMISS**

10   MARIN HUMANE SOCIETY, et al.,            Re: Dkt. Nos. 14, 20

            Defendants.
11

12

13           This action arises out of the Marin Humane Society's seizure of four horses from the

14   property of Plaintiffs Jill and Alex Burnell ("Plaintiffs") in December 2012 and January 2013 on

15   the grounds that the animals were either severely malnourished or otherwise unhealthy.  Plaintiffs

16   bring suit against the Marine Humane Society, Marin County, and eight individual Defendants,

17   including: four Marine Humane Society employees who act as humane officers, a member of the

18   Marine Humane Society's board who also serves as its authorized spokesperson, a veterinarian

19   whose clients include Plaintiffs and the Marin Humane Society, and two individuals who reported

20   Jill Burnell to the Marine Humane Society.  Plaintiffs bring one count against all defendants under

21   42 U.S.C. § 1983; the six other counts against various groupings of Defendants arise under state

22   tort law, including trespass upon land, trespass to chattels, conversion, portraying Plaintiffs in a

23   false light, public disclosure of private facts and invasion of Plaintiffs' constitutional right to

24   privacy, and intentional and/or negligent infliction of emotional distress.  (*See* Dkt. No. 1.)  Now

25   pending before the Court are Defendants' motions to dismiss; the Marin Humane Society and all

26   individual defendants filed one motion, and the County filed separately.  (Dkt. Nos. 14, 20.)  All

27   Defendants allege that the Complaint fails to state a claim upon which relief may be granted.

28   Having considered the parties' submissions, the Court finds the matter suitable for disposition

United States District Court
Northern District of California

United States District Court
Northern District of California

without oral argument, *see* Civ. L.R. 7-1(b), VACATES the hearing set for July 9, 2015, and GRANTS the motions to dismiss.

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Mar. Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008).  "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").  The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the

United States District Court
Northern District of California

reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

Plaintiffs' complaint falls short of the pleading standards set forth in the Federal Rules of Civil Procedure and well-established federal law, and her oppositions reflect a fundamental misunderstanding of the governing requirements. (*See* Dkt. No. 23 at 6 (citing a 1996 Ninth Circuit case with the former notice pleading standard); Dkt. No. 24 at 7 (same).) As a threshold matter, the bulk of Plaintiffs' oppositions to the motions to dismiss consist of new factual allegations. (*See* Dkt. No. 23 at 6-23; Dkt. No. 24 at 8-19.) Although the Court cannot and does not consider these facts in deciding whether the Complaint states a claim as they were not alleged therein, they are relevant to Plaintiffs' ability to successfully amend. *See Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (citation omitted); *Monzon v. S. Wine & Spirits of Cal.*, 834 F. Supp. 2d 934, 943 (N.D. Cal. 2011). Thus, the Court considers the newly alleged facts solely with regard to whether to grant leave to amend.

### A.      Improper Plaintiff

Turning to the Complaint itself, with respect to all causes of action pertaining to seizure of the horses, Plaintiffs have not alleged facts that plausible establish that Alex Burnell is a proper party. Plaintiffs allege that they both own and live on the property in Marin County from which the horses were taken. (Dkt. No. 1 ¶¶ 1-2.) Thus, to the extent that certain causes of action are premised on trespass or invasion of property itself, the Complaint adequately pleads facts to show that Alex Burnell is a proper plaintiff. However, the same is not so for claims related to the horses. The Complaint alleges that Jill Burnell—and not Alex—"is engaged in the personal avocation and commercial professional venture of breeding livestock[.]" (*Id.* ¶ 2.) The Complaint does not set forth any facts that show that Alex Burnell has any ownership interest in the horses, and therefore fails to establish that Alex Burnell may bring claims pertaining to the seizure of

United States District Court
Northern District of California

1    those animals.  Plaintiffs shall have leave to file a Second Amended Complaint ("SAC") to allege

2    facts that plausibly establish that Alex Burnell is a proper party to each cause of action or to clarify

3    which claims are brought solely by Jill Burnell.

**B.    Section 1983 Claim**

5         Plaintiff's first cause of action is a Section 1983 claim against all Defendants.  To state a

6    claim under Section 1983, a complaint "must both (1) allege the deprivation of a right secured by

7    the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a

8    person acting under color of state law."  *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir.

9    2006).  To adequately plead these elements, the complaint must identify what constitutional or

10   other federal right each defendant violated, providing sufficient facts to plausible support each

11   purported violation.  *See, e.g.*, *Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110, 1121

12   ("Aside from passing references to due process and equal protection, the Complaint fails to allege

13   how [plaintiff's] constitutional rights were violated and fails to identify each Defendant's role

14   therein."); *Walsh v. Am. Med. Response*, No. 2:13-cv-2077 MCE KJN (PS), 2014 WL 2109946, at

15   *7 (E.D. Cal. May 20, 2014) ("Before any claims may be found to be cognizable, plaintiffs must

16   separate each specific claim they wish to pursue, identify which defendants relate to each

17   particular claim, and identify the Constitutional right implicated by each claim.").

18        Here, the complaint states only that "Defendant Martin Humane Society and/or the other

19   defendants . . . acted . . . to interfere with Burnells' liberty, personal and/or real property rights

20   guaranteed by the Constitution" by engaging in "some or all" of sixteen enumerated activities.

21   (Dkt. No. 1 ¶ 2.)  Elsewhere, Plaintiffs state generally that Defendants—again, without specifying

22   which ones—engaged in "other . . . conduct purposed to alienate the Burnells from real and

23   personal property, their good reputations and livelihood, and to intimidate them from enjoying

24   protections and remedies at law in the agency civil and criminal courts as guaranteed by the

25   Constitution[.]"  (*Id.* ¶ 2.16.)  These conclusory allegations neither identify the constitutional right

26   at issue nor each defendant's role in the alleged violation, and are therefore insufficient to state a

27   Section 1983 claim.  *See Drawsand*, 866 F. Supp. 2d at 1121; *Walsh*, 2014 WL 2109946, at *7.

28   While Plaintiffs also allege that Defendants "subject[ed] Plaintiffs to unconscionable, cruel and

4

unusual, fines and penalties that offend at least the Fifth and Eighth Amendments[,]" (Dkt. No. 1 ¶ 2.15), Plaintiffs do not allege facts that plausibly support this claim, such as what the fines and penalties are and which Defendants imposed them.  The Section 1983 claim is therefore dismissed against all Defendants.  Plaintiffs shall have leave to amend to specifically identify which constitutional rights each defendant purportedly violated and how each defendant did so.  Such amendments may cure the Section 1983 claim against Marin Humane Society employees acting in their official capacity as humane officers.

Plaintiffs' Section 1983 claim is also alleged against four non-state actors—*i.e.*, individuals who are not humane officers.  "Private parties are not generally acting under color of state law" for purposes of Section 1983, and the plaintiff bears the burden of establishing that an individual defendant is a state actor.  *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).  Thus, "[w]hile generally not applicable to private parties, a § 1983 action can lie against a private party when 'he is a willful participant in joint action with the State or its agents.'"  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (citing *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).  This joint action may be established by showing that private individuals are engaged in a task that is "both traditionally and exclusively governmental" or that "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity."  *Kirtley*, 326 F.3d at 1092 (citations omitted).  The Complaint alleges only that Defendant Nathan Keefer is a veterinarian for both Plaintiffs and the Marine Humane Society, and that Defendant Bruce Wagman was a board member and spokesperson for the organization.  (Dkt. No. 1 ¶¶ 3, 11.)  There are no other factual allegations about these two defendants.  These allegations are not enough to state Section 1983 claims against them.

As for Defendants Dina Ricci and Genevieve Ghilotti, the Complaint alleges only that they made "false and/or malicious reports" to the Marin Humane Society about Jill Burnell.  (*Id.* ¶¶ 14, 15.)  However, it is well established that merely "[p]roviding false information to the police does not transform a private individual into a state actor" absent sufficient facts from which the court could plausibly infer that the police knew the information was false and agreed with the informant

United States District Court
Northern District of California

United States District Court
Northern District of California

to conspire against the plaintiff. *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1088 (C.D. Cal. 2008); *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1357-58 (9th Cir. 1982) (citation omitted). There are no other facts alleged against Ricci and Ghilotti, so the Section 1983 claim against them likewise fails to state a claim.

The remaining individual defendant, Albert Burnham, is sued in his capacity as the administrative hearing officer who oversaw the Marin County administrative proceedings into the propriety of the Marin Humane Society's seizure of Jill Burnell's horses. (Dkt. No. 1 ¶ 12.) "It is well established that state judges are entitled to absolute immunity for their judicial acts." *Swift v. State of Cal.*, 384 F.3d 1184, 1188 (9th Cir. 2004) (citation omitted). "Courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process[,]" including "hearing officers and administrative law judges" when they are performing adjudicative functions. *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985) (footnote omitted). Here, the minimal facts alleged in the Complaint indicate that Plaintiffs sue Burnham solely in his capacity as an administrative hearing officer; as he made findings and fact and conclusions of law in this regard and therefore served an adjudicative role, he is entitled to absolute judicial immunity. *See Demoran*, 781 F.2d at 156. The additional facts alleged in Plaintiffs' opposition—namely, that Burnham should have disclosed that he was not qualified to serve as a county hearing officer—are likewise related to his role as hearing officer. Because it appears that the newly alleged facts cannot survive judicial immunity, the claims against Defendant Burnham are dismissed with prejudice.

Likewise, even if the constitutional right at issue were sufficiently identified as discussed above, the Complaint would still fail to state a claim against the Marin Humane Society and Marin County because there are insufficient facts alleged to give rise to liability consistent with *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).[1] The Supreme Court

---

[1] The Marin Humane Society is a private entity contracted with the local government to provide animal services. Though it is not a municipality, courts in the Ninth Circuit apply the *Monell* analysis to such entities. *See Young v. Cnty. of Hawaii*, 947 F. Supp. 2d 1087, 1114 (D. Haw. 2013) (citing *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1129 (9th Cir. 2012)).

stated in *Monell* that municipalities are not liable through respondeat superior or vicarious liability for Section 1983 violations of their employees. *Id.* at 692. Thus, instead of relying on vicarious liability, a plaintiff must demonstrate that a municipal (or entity, as here) policy or custom caused the plaintiff's injury. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997) (citation omitted). Here, with respect to Marin Humane Society and Marin County, aside from assailing the conduct of the Humane Society's employees, Plaintiffs allege that the County has a "[c]ustom and practice" of according "Animal Services officers with the full rights and authority reserved to Humane Officers and peace officers." (Dkt. No. 1 ¶ 5.) There are no other facts that make this alleged custom or practice plausible, nor does the Complaint connect this custom and practice to Plaintiffs' injuries. The Complaint therefore fails to state a Section 1983 claim against either the Marin Humane Society or Marin County.

As the factual allegations in the Complaint do not sufficiently identify the basis for the Section 1983 claim, the Court declines without prejudice Defendants' invitation to find that the May 15, 2015 administrative decision upholding the seizure of Jill Burnell's horses as lawful under California Penal Code Section 597.1 precludes Plaintiffs' Section 1983 claim.

## C.    State Law Claims

Plaintiffs did not substantively respond to any of Defendants' arguments about the pleading defects of these six causes of action. Such failure to respond to Defendants' arguments could be deemed a concession that the Complaint in fact fails to state a claim. *See Ardente v. Shanley*, No. 07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 9, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence."). The Court declines to address the substance of the state law claims at this time, as without an adequately pleaded Section 1983 claim, the Court is unlikely to exercise supplemental jurisdiction over the remaining state law causes of action. *See Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007); 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Still, even a cursory review of the Complaint indicates that these claims are pleaded in the most conclusory manner and without factual allegations that give rise to a plausible

1  claim.  To use one example, the trespass upon land claim in Plaintiffs' second cause of action

2  alleges that Defendants Marin Humane Society, Machado and Rogers "trespassed on their

3  property[,]" that Plaintiffs owned the property, that Defendants entered the property without

4  permission, and that their conduct caused Plaintiffs harm.  (Dkt. No. 1 ¶¶ 24-28.)  The only other

5  factual allegation in the Complaint relating to this claim is equally conclusory.  (*See, e.g.*, Dkt. No.

6  1 ¶ 2.1 (alleging that Defendants "[t]respass[ed] upon private land").)  Merely stating the elements

7  of a cause of action is not enough to plead a plausible claim.  The state law causes of action are

8  therefore dismissed with leave to amend.

9  **CONCLUSION**

10          For the reasons described above, Defendants' motions to dismiss are GRANTED.  All

11  claims against Defendant Burnham are dismissed with prejudice.  The Section 1983 claim against

12  the remaining Defendants, as well as the state law claims, are dismissed with leave to amend.

13  Plaintiffs shall have leave to file a Second Amended Complaint ("SAC") by **July 21, 2015** to

14  allege facts that plausibly establish Alex Burnell is a proper party to each cause of action and to

15  remedy the defects with respect to other causes of action discussed above.  Failure to file an SAC

16  may result in dismissal of the remaining causes of action with prejudice.  The case management

17  conference currently scheduled for July 9, 2015 is continued to August 13, 2015 and at 1:30 p.m.,

18  a joint case management conference shall be filed seven days prior to the conference.

19          This Order terminates Docket Nos. 14 and 20.

20          **IT IS SO ORDERED.**

21  Dated:  July 6, 2015

22

23                                                        *Jacqueline Scott Corley*

24                                                        JACQUELINE SCOTT CORLEY
                                                         United States Magistrate Judge

25

26

27

28

United States District Court
Northern District of California