Robert C Weems (CA SBN 148156)
Margaret M. Weems (CA SBN 164030)
WEEMS LAW OFFICES
769 Center Blvd., PMB 38
Fairfax, CA 94930
Ph: 415.881.7653
Fx: 866.610.1430
   rcweems@weemslawoffices.com
   mmweems@weemslawoffices.com

Attorneys for Plaintiffs
   JILL BURNELL AND ALEX BURNELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL BURNELL AND ALEX BURNELL,<br><br>    Plaintiffs,<br><br>v.<br><br>MARIN HUMANE SOCIETY, COUNTY OF MARIN, NANCY MCKENNEY, CINDY MACHADO, STEVE HILL, MICHELLE ROGERS, BRUCE WAGMAN, ALBERT BURNHAM, NATHAN KEEFER, DINA RICCI, and GENEVIEVE GHILOTTI,<br><br>    Defendants. | Case No. 3:14-cv-05636 JSC<br><br>OPPOSITION TO MOTION AMEND JUDGMENT [DOC #49] BY ALBERT BURNHAM<br><br>Hearing: October 8, 2015<br>Time: 9:00 a.m.<br>Judge: Jacquelyn Scott Corley<br>Courtroom: F, 15th Fl (SF) |

1   PLAINTIFFS JILL AND ALEX BURNELL ("Plaintiffs" or "BURNELLS") oppose
2   DEFENDANT ALBERT BURNHAM's ("BURNHAM") Motion to Enter Judgment Pursuant to
3   FRCP 54(b).  Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal
4   appeals and the need for making review available at a time that best serves the needs of the parties."
5   *Elliott v. Archdiocese of New York*, 682 F.3d 213 (3d Cir. 2012); *Stockman's Water Co., LLC v.*
6   *Vaca Partners, L.P.*, 425 F.3d 1263 (10th Cir. 2005).  The conclusion the BURNHAM might become
7   freed "from further unduly burdensome litigation" is not sufficient basis to demonstrate "just cause."
8   Indeed, review of the finding of judicial immunity may not be available if the higher court does not
9   find that "the district court properly granted 54(b) certification." The order requested by
10  BURNHAM would be premature because no just cause is shown, no cost is associated or
11  demonstrated that would be suffered by BURNHAM to wait for a final order, and a premature entry
12  of judgment would expose BURNELLS (and presumably BURNHAM) to burdensome multiple
13  motions for costs (including sanctions and attorneys' fees), and appeal proceedings.  In fact, it is
14  reasonable to infer that the sole improper purpose for BURNHAM's request is to create a track of
15  post-judgment motion practice and appellate proceeding to interfere with the BURNELLS
16  prosecution of this matter against the remaining co-defendants and conspirators.
17       Further, BURNHAM mischaracterizes the allegations against him and the BURNELLS' case
18  theory generally.  This action is a result of a conspiracy to deprive the BURNELLS of their horses.
19  The allegations include the claim that MHS' practice in seizure cases is to cover up misconduct by
20  their officers by among other reasons holding constitutionally insufficient post-seizure hearings. The
21  allegations concerning BURNHAM was not based on sour grapes view of his "judicial function"
22  creating an opinion after hearing, but rather complained of the fraud by him concerning his
23  qualifications which resulted in his appointment to the post of County Hearing Officer.  Once
24  appointed a County Hearing Officer he was hired and paid by MHS because he was a County
25  Hearing Officer to serve as their post deprivation Hearing Officer in 597.1 hearings.  By his own
26  estimate he served that purpose in collusion with MHS on four to five occasions per year over five
27

years.  He always found in MHS' favor in those proceedings.  The BURNELLS allege that MHS in particular is a vigilante organization that seeks to rig the game against its targets and misappropriates only a color of law to further its schemes.

BURNHAM also mischaracterizes the First Amended Complaint.  That he was dismissed is clearly indicated.  The facts recited concerning the misrepresentation of his qualifications and its implications concerning MHS' practices are preserved for the purposes of telling the complete story and preserving the record in the event of any future reconsideration or appeal and to avoid having to refer to multiple pleadings.  BURNHAM's "burden" is resolved by an amendment to the caption of the operative pleading by striking his name from the caption.  Judicial efficiency is not enhanced by issuing a piecemeal final judgment to benefit only one disgruntled party.

Dated: September 15, 2015              WEEMS LAW OFFICES

                                                            /s/ Margaret M. Weems
                                                            Margaret M. Weems,
                                                            Attorney for Defendant,
                                                            JILL BURNELL AND ALEX BURNELL