STEVEN M. WOODSIDE, COUNTY COUNSEL
Stephen R. Raab, SBN 180939
Priya D. Brandes, SBN 286714
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.: (415) 473-6117, Fax: (415) 473-3796

Attorney(s) for the County of Marin

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL BURNELL AND ALEX BURNELL,<br><br>Plaintiffs,<br><br>v.<br><br>MARIN HUMANE SOCIETY, et al.,<br><br>Defendants. | Case No.: 3:14-CV-05635-JSC<br><br>THE COUNTY OF MARIN'S REPLY TO JILL BURENLL AND ALEX BURNELL'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT<br><br>[RULE 12b(6)]<br><br>DATE:   September 24, 2015<br>TIME:    9:00 a.m.<br>DEPT:    F |

## I. INTRODUCTION

Plaintiffs ignore long-standing federal law that requires complaints to contain more than merely conclusory allegations. Rather than address the County of Marin's Rule 12(b)(6) motion, Plaintiffs' Opposition to the County of Marin's Motion to Dismiss sets forth facts and evidence that are not contained in Complaint. Plaintiffs set forth a rambling screed accusing the Marin Humane Society of conducting "vigilante activities" and setting forth an "extremist political agenda." "Extremist" political agendas are not actionable as a 42 U.S.C. § 1983 cause of action, but are a matter of politics. "Vigilante activities" cannot be at issue here, because "vigilante activities" are by definition actions taken without legal authority. Because a claim under 42 U.S.C. § 1983 <u>requires</u> the color of legal authority to be actionable, if Plaintiffs invective is to be believed, their First Amended Complaint against the County of Marin must be dismissed.

Plaintiffs have not alleged an actionable Section 1983 claim because they have not established that a County of Marin actor deprived them of a constitutional right and cannot alleged that an official public entity policy, custom, or practice was the moving force behind the constitutional injury. Rather, Plaintiffs mostly avoid discussing any constitutional right at issue. Plaintiffs only vaguely refer to the Fourteenth Amendment, but then fail to show how a County of Marin policy, custom or practice was the moving force behind a constitutional injury that resulted specifically from the deprivation of the constitutional right. The County of Marin has not been a part of any of the underlying disputes between these parties, and Plaintiff have failed to explain how they possibly can prevail on a claim against the County of Marin going forward.

## II. ARGUMENT

### A. THE COURT CANNOT CONSIDER MATTERS OUTSIDE OF THE PLEADINGS

Except for a limited exception, a Court hearing a Rule 12(b)(6) motion cannot consider matters outside the pleadings. *See e.g. Arpin v. Santa Clara Valley Transp. Agency,* 261 F3d 912, 925 (9th Cir. 2001). However, the Court can "augment" the facts and inferences from the body of the complaint with "data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). But even this liberal rule of pleading fails to save Plaintiffs Section 1983 claim against the County of Marin.

Documents attached to the complaint and incorporated therein by reference may be treated as part of the complaint when ruling on a Rule 12(b)(6) motion.  Here, Plaintiffs failed to attach a single document to the First Amended Complaint. In a failed attempt to salvage their Complaint, Plaintiffs attached exhibits to their Opposition.  A court may not take judicial notice on its own, without affording the parties opportunity to be heard. *Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co.,* 993 F.2d 269, 273 (1st Cir. 1993). Plaintiffs further failed to properly notice a request for judicial notice.  Exhibit A includes a hearsay letter and a contract without foundation.  Exhibits C and D are evidence, and as such, are not susceptible to judicial notice. Fed. R.of Evid. 201. The County of Marin objects to Exhibits A, C, and D, as said exhibits are not incorporated by reference to the First Amended Complaint, are not properly attached to a request for judicial notice, and Exhibits C and D are purely evidentiary in nature.

### B. PLAINTIFFS' COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR DEPRIVATION OF RIGHTS AGAINST THE COUNTY.

Plaintiffs have wholly failed to substantively address the County of Marin's motion to dismiss the Section 1983 cause of action.  Plaintiffs' Opposition pays scant attention to the actual motion of the County of Marin.  Plaintiffs' only arguments concerning their Section 1983 claim as pleaded and addressed in the County of Marin's Rule 12(b)(6) motion constitute one page of text, from page 3:3-4:10 of the Opposition (Doc #50).  Half of the text is an incomplete statement of the law regarding 42 U.S.C. § 1983 claims against a public entity.  The other half of the text is simply Plaintiffs conclusions that they satisfied Rule 8 through allegations made against other defendants.  The County of Marin is not mentioned once by name on page 3:3:-4:10.  Instead, a general listing of arguments and conclusions are set forth without analysis, primarily based upon alleged conduct by other Defendants.

Mostly ignoring the motion by the County of Marin, Plaintiffs spend the bulk of their Opposition, from page 4 until the end, setting forth reasons why they believe leave to amend should be allowed.   Plaintiffs cannot allege new facts in their Opposition to avoid the granting of a Rule 12(b)(6) motion.  New allegations contained in an opposition motion are irrelevant for Rule 12(b)(6) motions. *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 fn. 1 (9th Cir. 1998).

Additionally, the exact same tactic was attempted once before by Plaintiffs in this case.  The County of Marin filed a Rule 12(b)(6) motion to dismiss the original Complaint on June 3, 2015.

(Docket #20).  Plaintiffs' Opposition was filed June 17, 2015 (Docket #23), and similarly devoted only one page to arguing against the Motion to Dismiss.  Again, the bulk of that Opposition argued why leave to amend should be granted.  In that Opposition, Plaintiffs also conflated the allegations against the non-County Defendants with the County of Marin, and failed to articulate conduct of the County of Marin at issue in the Complaint.  This Court granted the County of Marin's motion and allowed Plaintiffs leave to amend by its order of July 6, 2015.  (Docket #40)  Plaintiffs had their opportunity to amend the Complaint to state allegations against the County of Marin, but have utterly failed to do so.  Plaintiffs' First Amended Complaint is even more opaque as to allegations against the County of Marin.  Plaintiffs' filed this action seven month ago, and have failed to develop any cognizable legal theory to support a Section 1983 action against the County of Marin during that time.  Leave to amend should not be granted again.

### C. PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND THEIR SECTION 1983 CAUSE OF ACTION AGAINST THE COUNTY OF MARIN

Plaintiffs set forth a series of nonsensical claims from pages 4 to 10 of their Opposition that they can amend their complaint to state a proper Section 1983 cause of action, if provided with leave to amend.  However, the various theories set forth do not arise to a cognizable Section 1983 claim against the County.  Instead, Plaintiffs mostly complain about conduct of the Marin Humane Society, and list various ways they claim the Marin Humane Society and the individual defendants violated various laws.  Almost no discussion is presented regarding how Plaintiffs federal Constitutional rights were violated.  Even fewer allegations concern the County of Marin.

The Complaint against the County of Marin purports to allege a violation of the U.S. Constitution under 42 U.S.C. § 1983. Yet nowhere, either in the Complaint or in the Opposition, is a specific policy, practice or training alleged that is in any way deficient and caused Plaintiffs harm under the U.S. Constitution. Instead, the Opposition attacks both local and state law as unconstitutional, baselessly alleging that a variety of local and state laws violate their constitutional rights.  Plaintiffs identify Penal Code § 597.1 as "defective."  [Opposition at page 3:17]  If the California Legislature has created a defective statute, the proper party to challenge such a "defective" statute is the State of California. A plaintiff must first establish that the government actor deprived him or her of a

constitutional right. *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). The County of Marin is not responsible for the creation of statutes by the Legislature, and therefore cannot be found liable under Section 1983 pursuant to *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986), because a plaintiff must first establish that the government actor deprived him or her of a constitutional right, and Plaintiffs in this case have sued the wrong government actor regarding the Penal Code.

Next, a plaintiff must show that an official public entity policy, custom, or practice was the moving force behind the constitutional injury. *Monell v. Dep't of Soc. Servs. of N.Y.,* 436 U.S. 658, 694 (1978). Where a plaintiff cannot articulate the official policy, practice or custom of the entity giving rise to the alleged injury, there will be no *Monell* liability. Section 1983 does not itself provide any substantive rights; rather, it is "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The First Amended Complaint does not identify any Constitutional right at issue against the County of Marin. The sole reference to a Constitutional right potentially at issue is in a nonsensical rant at the end of page 3.

Defendants' conduct offends the Constitution of the United States, especially the Fourteenth Amendment guarantee of equal protection and due process of law, without which the BRUNELLS cannot be [sic] and have not been [sic]: . . .

Plaintiffs again shotgun summary allegations against all Defendants, and again fail to state what specific factual conduct by the County of Marin amounted to a constitutional violation. Simply alleging a violation of the Fourteenth Amendment is not enough. Plaintiffs fail to identify what portion of the Fourteenth Amendment the County of Marin violated. There is no notice regarding how a Fourteenth Amendment violation by a County of Marin actor caused an injury to Plaintiffs. Plaintiffs consistently ignore any analysis of this issue because they <u>cannot set forth a viable claim</u> involving conduct by the County of Marin.

The only allegation against the County of Marin conceivably related to a "policy" is that the County of Marin created a locally defined officer "out of sync" [sic] with the law. [See Opposition, page 6]. Plaintiffs conclude this is a "policy" of the County of Marin. Whenever Plaintiffs try to identify a constitutional right they allege was violated, there is nothing to connect the County of Marin to violation. Whenever Plaintiffs try to identify a policy, custom or practice of the County of Marin,

4

THE COUNTY OF MARIN'S REPLY BRIEF

Plaintiffs fail to connect it to any deprivation of a constitutional right.  Yet again, Plaintiffs use conduct of non-County of Marin actors, failing to state a claim against the County of Marin.

Plaintiffs go on to claim the County of Marin is attempting to "circumvent State or Federal authority because some cases prevent contracting out certain services the law obligates to be performed by the entity.  Plaintiffs unreasonably and conveniently ignore the incontrovertible fact that California state law specifically permits the County of Marin to contract for the very services at issue.  Corporations Code § 14501 specifically states: "Every society incorporated and organized for the prevention of cruelty to animals may enter into a contract with any city, city and county, or county, where the society is located**_, to enforce the provisions of laws of this state_** for the prevention of cruelty to animals, or arresting or prosecuting offenders thereunder, or preventing cruelty to animals. **_A humane society_** may perform those actions in the absence of a contract with a city, city and county, or county." [emphasis added].  Plaintiffs blatantly misrepresent to the Court that because California law sometimes creates obligations that cannot be contracted for, this particular service cannot be contracted for.  However, California law specifically allows these services to be contracted for, and Plaintiffs' arguments are in bad faith in an attempt to mislead the Court.

Plaintiffs cannot sue the County of Marin for what is, in essence, a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of N.Y.,* 436 U.S. 658, 690-95 (1978); *see also Fisk v. Letterman,* 501 F.Supp.2d 505, 527 (S.D.N.Y. 2007). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* Where a plaintiff cannot articulate the official policy, practice or custom of the entity giving rise to the alleged injury, there will be no *Monell* liability.  Plaintiffs have not and cannot allege any policy or custom of the County of Marin.  Plaintiffs' First Amended Complaint is solely about the alleged improper actions of non-County third parties, so there is no articulated policy of the County of Marin connected to an alleged injury of Plaintiffs.

//

//

//

5

THE COUNTY OF MARIN'S REPLY BRIEF

### III. CONCLUSION

The First Amended Complaint fails to set forth any actual facts in support of the only claim against the County of Marin required under *Ashcroft v. Iqbal*, 550 U.S. 1030 (2009). Plaintiffs failed to and cannot establish that a County of Marin government actor deprived them of a constitutional right, and that an official public entity policy, custom, or practice was the moving force behind the constitutional injury.  As such, the County requests that this Court dismiss Plaintiffs' First Amended Complaint with prejudice. On its face, the First Amended Complaint fails to establish any violations of federal or state law against Defendant County of Marin and Plaintiff have been unable to sufficiently demonstrate by alleged facts that they have any hope of ever doing so despite the opportunities provided to them by the Court.

Date:  September 22, 2015

STEVEN WOODSIDE
COUNTY COUNSEL

_____/s/_____
Stephen R. Raab
Priya D. Brandes
Deputy County Counsel
Attorneys for the County of Marin

THE COUNTY OF MARIN'S REPLY BRIEF