LATHAM & WATKINS LLP
  Wayne S. Flick (SBN 149525)
  Jonathan M. Jackson (SBN 257554)
355 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email: wayne.s.flick@lw.com
Email: jonathan.jackson@lw.com

Attorneys for Defendants
Marin Humane Society, Nancy McKenney,
Cindy Machado, Steve Hill, Michelle Rogers,
Bruce Wagman, Albert Burnham, Nathan Keefer,
Dina Ricci, and Genevieve Ghilotti

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL BURNELL AND ALEX BURNELL,<br><br>Plaintiffs<br><br>v.<br><br>MARIN HUMANE SOCIETY, et al.,<br><br>Defendants. | Case No. 3:14-cv-05635-JSC<br><br>**REPLY IN SUPPORT OF DEFENDANT ALBERT BURNHAM'S MOTION TO ENTER JUDGMENT PURSUANT TO FRCP 54(b)**<br><br>**Hearing**<br>Date: October 8, 2015<br>Time: 9:00 a.m.<br>Judge: Jacquelyn Scott Corley<br>Courtroom: F, 15th Floor |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY I/S/O MOTION TO ENTER
JUDGMENT UNDER FRCP 54(b)
Case No. 3:14-cv-05635-JSC

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ..................................................................................................................... 1

   A.  This Court's July 6, 2015 Order Dismissing With Prejudice Plaintiffs' Complaint As To Burnham Finally Adjudicated All Claims Against Him ............................................................................................. 1

   B.  There Is "No Just Reason For Delay" ................................................................ 2

       1.  Judicial Efficiency Strongly Favors Entry Of Judgment ......................... 2

       2.  The Equities Strongly Favor Entry Of Judgment .................................... 2

III. CONCLUSION .................................................................................................................. 5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

REPLY I/S/O MOTION TO ENTER
JUDGMENT UNDER FRCP 54(b)
Case No. 3:14-cv-05635-JSC

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Alcan Aluminum Corp. v. Carlsberg Fin. Corp.*,
   689 F.2d 815 (9th Cir. 1982) ................................................................................................ 3

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
   465 F.3d 946 (9th Cir. 2006) ................................................................................................ 2

*Augme Techs., Inc. v. Yahoo! Inc.*,
   305 F.R.D. 112 (N.D. Cal. 2012) ......................................................................................... 1

*Christiansburg Garment Co. v. EEOC*,
   434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) ............................................................ 4

*Curtiss-Wright Corp. v. General Elec. Co.*,
   446 U.S. 1 (1980) ................................................................................................................. 2

*Noel v. Hall*,
   568 F.3d 743 (9th Cir. 2009) ................................................................................................ 2

*Smith v. Banner Health Sys.*,
   2015 WL 3758031 (9th Cir. June 17, 2015) ........................................................................ 4

*Townsend v. Holman Consulting Corp.*,
   929 F.2d 1358 (9th Cir. 1991) (Canby, J., concurring) ....................................................... 4

*Wages v. IRS*,
   915 F.2d 1230 (9th Cir. 1990) .............................................................................................. 4

### STATUTES

28 U.S.C. § 1927 ........................................................................................................................ 4

42 U.S.C. § 1988 ........................................................................................................................ 4

### RULES

Fed. R. Civ. P. 11 ....................................................................................................................... 4

Fed. R. Civ. P. 54(b) ........................................................................................................ 1, 2, 4, 5

### TREATISES

Wright & Miller, 10 Federal Practice and Procedure: Civil § 2659 (3d ed. 2015) ................ 2, 4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

REPLY I/S/O MOTION TO ENTER
JUDGMENT UNDER FRCP 54(b)
Case No. 3:14-cv-05635-JSC

## I. INTRODUCTION

Defendant Albert Burnham's ("Defendant" or "Burnham") sole connection to this dispute was his service as a Hearing Officer in the underlying administrative proceedings. Plaintiffs' claims against him were meritless from inception, and Plaintiffs' continued pursuit of these frivolous claims – after this Court dismissed *with prejudice* all of Plaintiffs' claims against Burnham on the basis of judicial immunity – is inexcusable. There is no legitimate basis to continue to subject Burnham (who was sued in his individual capacity) to the ongoing harassment and abusive litigation tactics of Plaintiffs. Accordingly, Mr. Burnham respectfully requests that the Court grant the instant Motion to Enter Judgment Pursuant to Federal Rule of Civil Procedure 54(b) (the "Motion").

In their Opposition to the Motion (the "Opposition"), Plaintiffs do not dispute that: (1) the Court's Order dismissing Burnham from this action with prejudice finally adjudicated all of Plaintiffs' claims against him; (2) the basis of the Court's dismissal – judicial immunity – is a distinct legal issue that does not apply to any other defendants, such that no appellate court will have to decide the issue more than once; and (3) entering judgment will free Burnham from "further unduly burdensome litigation." Indeed, Plaintiffs fail to cite *any* case in which a court has refused to enter judgment under similar circumstances. As Plaintiffs do not and cannot identify any "just reason for delay," judgment should be entered under Rule 54(b).

## II. ARGUMENT

As set forth in the Motion, courts apply a two-step process to determine whether entry of judgment pursuant to Rule 54(b) is warranted. "First, the judgment must be final with respect to one or more claims. . . . Second, the district court must go on to determine whether there is any just reason for delay. *Augme Techs., Inc. v. Yahoo! Inc.,* 305 F.R.D. 112, 114 (N.D. Cal. 2012) (citation and internal quotation marks omitted). Both requirements have been met here.

### A. This Court's July 6, 2015 Order Dismissing With Prejudice Plaintiffs' Complaint As To Burnham Finally Adjudicated All Claims Against Him

In its July 6, 2015 Order Granting Motions To Dismiss, this Court dismissed with prejudice all of Plaintiffs' claims against Burnham on the basis of absolute judicial immunity.

(*See* Dkt. 40.) Plaintiffs do not (and cannot) dispute that this Order finally adjudicated all claims against Burnham. Accordingly, Rule 54(b)'s finality requirement has been satisfied.

### B. There Is "No Just Reason For Delay"

#### 1. Judicial Efficiency Strongly Favors Entry Of Judgment

Courts consider a variety of factors in determining whether there is "no just reason for delay" under Rule 54(b). In light of the Rule's concern with judicial efficiency, courts primarily focus on "whether the claims for review were separable from the others . . . and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). Here, Plaintiffs do not (and cannot) dispute that the basis of this Court's dismissal of Burnham – judicial immunity – is a discrete and separable legal issue, which does not apply to *any* of the remaining defendants. As a result, there is no possibility that an appellate court would have to decide this issue more than once – even in the unlikely event that Plaintiffs appeal this Court's dismissal of Burnham. This factor, on its own, is sufficient to support the entry of judgment under Rule 54(b). (*See* Motion, at 3-4.)

#### 2. The Equities Strongly Favor Entry Of Judgment

Plaintiffs erroneously contend that freeing Burnham from "'further unduly burdensome litigation' is not sufficient basis (*sic*) to demonstrate 'just cause'" under Rule 54(b). (Opposition, at 2.) To the contrary, courts routinely consider the moving party's interest in finality – and corresponding desire to be free from "unduly burdensome litigation" – as a factor in the Rule 54(b) analysis. *See, e.g.*, Wright & Miller, 10 Federal Practice and Procedure: Civil § 2659 (3d ed. 2015) ("Concerns about prejudice to winning defendants in delaying when they could be certain they were absolved of liability also have been considered.") (collecting cases); *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (affirming entry of judgment under Rule 54(b), because "[t]he summary judgment disposed of the case between Noel and Weisser, freeing Weisser from further unduly burdensome litigation," even though "similar claims remain pending against other

defendants") (citing *Alcan Aluminum Corp. v. Carlsberg Fin. Corp.*, 689 F.2d 815, 817 (9th Cir. 1982)). (*See* Motion, at 4-5.)

      Plaintiffs further contend that entry of judgment would be improper because "no cost is associated or demonstrated that would be suffered by BURNHAM to wait for a final order[.]" (Opposition, at 2.) This contention not only ignores the governing case law regarding a defendant's cognizable interest in finality (discussed above), but it also is simply untrue. Burnham (and the other MHS Defendants) already have incurred substantial costs as a direct result of Plaintiffs' continued pursuit of their frivolous claims against Burnham. Plaintiffs not only named Burnham as a Defendant in their First Amended Complaint ("FAC") – after the Court dismissed Plaintiffs' claims against him with prejudice – but they even went so far as to add *new* allegations regarding Burnham, which were not included in their original Complaint. (Compare Dkt. 46 (FAC)), at ¶ 20 *with* Dkt. 1 (Complaint), at ¶ 12.) This improper naming of Burnham as a defendant was not the result of simple inadvertence, (*see* FAC, at ¶ 20 n. 2 (acknowledging the Court had dismissed Burnham with prejudice)), and when it was brought to the attention of Plaintiffs' counsel, they refused to amend the FAC to remove Burnham as a defendant. As a result, the MHS Defendants were forced to address these allegations, once again, in their Motion to Dismiss Plaintiffs' First Amended Complaint. (*See* Dkt. 47, at 7.)

      Even more troubling, Plaintiffs *continue* to argue in their Opposition to Defendants' Motion to Dismiss the First Amended Complaint that the FAC should not be dismissed due, in part, to "the fraudulent conduct of Albert Burnham" set forth therein. (Dkt. 55, at 6.) And Plaintiffs *continue* to argue in their Opposition to Burnham's Motion for Entry of Judgment that their claims against Burnham are not, in fact, based on his "judicial function" (and thus are not barred by judicial immunity), notwithstanding this Court's prior dismissal Order, which unambiguously and *finally* rejected this claim. (Opposition, at 2.) Indeed, the instant Motion to Enter Judgment was necessitated in large part by Plaintiffs' relentless and improper pursuit of Burnham, which Plaintiffs and their counsel have made clear will not stop unless and until judgment is entered in his favor.

Plaintiffs further argue that entry of judgment could expose them to "motions for costs (including sanctions and attorneys' fees)[.]" (Opposition, at 2.) It is certainly true that Plaintiffs' continued pursuit of their frivolous claims against Burnham is sanctionable on a number of bases, including, *e.g.*:

- <u>42 U.S.C. § 1988</u>. "Fees may be awarded to a defendant if a plaintiff continued to litigate a § 1983 claim after it became clear the claim was frivolous, unreasonable, or groundless." *Smith v. Banner Health Sys.*, 2015 WL 3758031, at *4 (9th Cir. June 17, 2015) (citing *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)).

- <u>28 U.S.C. § 1927</u>. *See Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1990) (affirming sanctions under 28 U.S.C. § 1927 where plaintiff (among other things) "file[d] an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim, . . . [and] evidenced bad faith in multiplying the proceedings in this case 'unreasonably and vexatiously'").

- <u>Federal Rule of Civil Procedure 11</u>. "[I]t is consistent with our prior case law and with the purposes of Rule 11 to impose sanctions when all of the allegations against a particular defendant in a complaint are frivolous. The unfounded claims have forced a party to come into court when that party never should have been involved at all." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1991) (Canby, J., concurring).[1]

Contrary to Plaintiffs' assertion, however, the fact that Plaintiffs may be liable to Burnham for sanctions *supports* the entry of judgment in his favor. *See, e.g.,* Wright & Miller, 10 Federal Practice and Procedure: Civil § 2659 (3d ed. 2015) ("Rule 54(b) certification may be appropriate so that the party may have the immediate benefit of the recovery that has been awarded").

Plaintiffs' contention that judgment should not be entered because it would somehow prevent them from "telling the complete story" or "preserving the record in the event of any

---

[1] To date, Burnham has not moved for sanctions against Plaintiffs, but he expressly reserves his right to do so.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

REPLY I/S/O MOTION TO ENTER
JUDGMENT UNDER FRCP 54(b)
Case No. 3:14-cv-05635-JSC

1  future reconsideration or appeal" is equally meritless. (*See* Opposition, at 3.) Entering judgment as to Burnham would in no way prevent Plaintiffs from telling their "story," nor would it adversely impact the record on appeal. Instead, the entry of judgment would streamline any potential appeal of the Court's Order dismissing Burnham, limiting the relevant issues (*i.e.*, Burnham's judicial immunity) and allowing for the resolution of the appeal months, if not years, earlier than would otherwise be possible.

## III.  CONCLUSION

For the reasons set forth above and in the Motion, Defendant Albert Burnham respectfully requests that the Court issue an Order entering judgment in his favor pursuant to Federal Rule of Civil Procedure 54(b).

DATED: September 22, 2015

LATHAM & WATKINS LLP

By:  */s/ Jonathan M. Jackson*
       Jonathan M. Jackson

355 South Grand Avenue
Los Angeles, California 90071
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763
Email:  jonathan.jackson@lw.com

*Attorneys for Defendants Marin Humane Society, Nancy McKenney, Cindy Machado, Steve Hill, Michelle Rogers, Bruce Wagman, Albert Burnham, Nathan Keefer, Dina Ricci, and Genevieve Ghilotti*