1  LATHAM & WATKINS LLP
       Wayne S. Flick (SBN 149525)
2      Jonathan M. Jackson (SBN 257554)
   355 South Grand Avenue
3  Los Angeles, California  90071
   Telephone:  (213) 485-1234
4  Facsimile:  (213) 891-8763
   Email:  wayne.s.flick@lw.com
5  Email:  jonathan.jackson@lw.com

6  Attorneys for Defendants
   Marin Humane Society, Nancy McKenney,
7  Cindy Machado, Steve Hill, Michelle Rogers,
   Bruce Wagman, Albert Burnham, Nathan Keefer,
8  Dina Ricci, and Genevieve Ghilotti

9  PERRY, JOHNSON, ANDERSON, MILLER
       & MOSKOWITZ, LLP
10     Michael G. Miller (SBN 136491)
   438 First Street, Fourth Floor
11 Santa Rosa, CA 95401
   Telephone:  (707) 525-8800
12 Facsimile:  (707) 545-8242
   Email:  miller@perrylaw.net

13
   Attorneys for Defendants
14 Marin Humane Society, Nancy McKenney,
   Cindy Machado, Steve Hill, and Michelle Rogers

15

16               UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA

17 JILL BURNELL AND ALEX BURNELL,        Case No. 3:14-cv-05635-JSC

18                    Plaintiffs          **REPLY IN SUPPORT OF MOTION TO**
                                          **DISMISS PLAINTIFFS' FIRST**
19           v.                           **AMENDED COMPLAINT PURSUANT TO**
                                          **FRCP 12(b)(6) OR, IN THE**
20                                        **ALTERNATIVE, TO STAY ACTION**
   MARIN HUMANE SOCIETY, et al.,
21
                     Defendants.          <u>Hearing</u>
22                                        Date:  October 8, 2015
                                          Time:  9:00 a.m.
23                                        Judge:  Jacquelyn Scott Corley
                                          Courtroom:  F, 15th Floor
24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

1

# TABLE OF CONTENTS

2

**Page**

3

I. INTRODUCTION ................................................................................................. 1

4

II. ARGUMENT ......................................................................................................... 2

5

6

A. The Court Already Dismissed With Prejudice All Claims Against Defendant Albert Burnham ........................................................................... 2

7

B. Plaintiffs Again Fail To Allege A Viable Section 1983 Claim Against Any Defendant ............................................................................... 2

8

9

1. Plaintiffs Again Fail Adequately To Allege That Any Defendant Violated Plaintiffs' Constitutional Rights .............................. 3

10

2. MHS Employees Were Statutorily Obligated to Seize Plaintiffs' Horses .................................................................................. 6

11

12

3. Plaintiffs Do Not And Cannot Allege That Individual Defendants Ricci, Ghilotti, Keefer Or Wagman Acted "Under Color of State Law" ...................................................................... 8

13

4. Plaintiffs Do Not And Cannot Allege a *Monell* Claim Against MHS ........................................................................................ 9

14

C. This Action Should Be Dismissed, Or In The Alternative Stayed, In Light Of The Underlying Administrative And State Court Proceedings ......................................................................................... 10

15

16

D. Plaintiffs Again Fail to Allege A Viable State Law Claim Against Any Defendant ............................................................................. 12

17

18

E. Plaintiffs' FAC Should Be Dismissed With Prejudice ..................................... 13

19

III. CONCLUSION ................................................................................................... 14

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**CASES**

4

*Anderson v. Smith*,
5   2009 U.S. Dist. LEXIS 58804 (E.D. Cal. July 10, 2009) ...............................................2, 5, 7

6   *Angeles v. US Airways, Inc.*,
    2013 U.S. Dist. LEXIS 22423 (N.D. Cal. Feb. 19, 2013) ...................................................... 6
7
    *Ascon Props., Inc. v. Mobil Oil Co.*,
8     866 F.2d 1149 (9th Cir. 1989).............................................................................................. 14

9   *Barnett v. Centoni*,
      31 F.3d 813 (9th Cir. 1994)..................................................................................................... 5
10
    *Bracken v. Okura*,
11    955 F. Supp. 2d 1138 (D. Haw. 2013) ................................................................................... 9

12  *Broden v. Marin Humane Society*,
13    70 Cal. App. 4th 1212 (1999)................................................................................................. 7

14  *Burnell v. Marin Humane Society*,
      2014 WL 5035723 (Cal. Ct. App. Oct. 9, 2014) ................................................................... 7
15
    *Clemes v. Del Norte County Unified Sch. Dist.*,
16    1995 U.S. Dist. LEXIS 14298 (N.D. Cal. Sept. 19, 1995) .................................................. 10

17  *Dominguez v. County of Kern*,
18    2014 U.S. Dist. LEXIS 80335 (E.D. Cal. June 9, 2014)........................................................ 9

19  *Jackson v. Silicon Valley Animal Control Auth.*,
      2008 U.S. Dist. LEXIS 76837 (N.D. Cal. Oct. 2, 2008)................................................12, 13
20
    *Johnson v. Knowles*,
21    113 F.3d 1114 (9th Cir. 1997)................................................................................................. 8

22  *Khalafala v. Scully*,
23    2008 U.S. Dist. LEXIS 101590 (C.D. Cal. Dec. 16, 2008) ................................................... 5

24  *Mendocino Envtl. Ctr. v. Mendocino County*,
      192 F.3d 1283 (9th Cir. 2000)................................................................................................. 4
25
    *Monell v. Department of Social Services*,
26    436 U.S. 658 (1978)............................................................................................................. 3, 9

27  *In re Online DVD Rental Antitrust Litig.*,
28    2011 U.S. Dist. LEXIS 150312 (N.D. Cal. Nov. 23, 2011).................................................... 6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

*People v. Partridge*,
   2002 WL 519843 (Cal. Ct. App. Apr. 5, 2002)...................................................................... 4

*Peruta v. County of San Diego*,
   771 F.3d 570 (9th Cir. 2014) ................................................................................................. 10

*San Diego County Gun Rights Comm. v. Reno*,
   98 F.3d 1121 (9th Cir. 1996) .................................................................................................. 3

*Schneider v. California Dept. of Corrections*,
   151 F.3d 1194 (9th Cir. 1998) ............................................................................................... 13

*Smith v. City of Fontana*,
   818 F.2d 1411 (9th Cir. 1986), *overruled in part on other grounds by*
   *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037 (9th Cir. 1999) ............................................. 4

*University of Tennessee v. Elliott*,
   478 U.S. 788 (1986)............................................................................................................... 10

*Wabakken v. California Dep't of Corr. & Rehab.*,
   2015 WL 5315411 (9th Cir. Sept. 14, 2015)...................................................................10, 11

*Walsh v. Am. Med. Response*,
   2014 U.S. Dist. LEXIS 69279 (E.D. Cal. May 20, 2014)....................................................... 3

*Young v. County of Hawaii*,
   947 F. Supp. 2d 1087 (D. Haw. 2013) .................................................................................... 9

**STATUTES**

42 U.S.C. § 1983 ................................................................................................... *passim*

Cal. Code Civ. Proc. § 1094.5 ..................................................................................... 5

Cal. Penal Code § 597.1................................................................................... *passim*

Cal. Penal Code § 597.1(a)(1) ..................................................................................... 7

Cal. Penal Code § 597.1(f)..................................................................................... 5, 12

California Corp. Code § 14501 ...................................................................................... 6

California Gov't Code § 815 ........................................................................................ 13

California Gov't Code § 820.2 ..................................................................................... 13

Marin Muni. Code § 8.04.110........................................................................................ 7

**RULES**

Fed. R. Civ. P. 5.1 ...................................................................................................... 10

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 13

Fed. R. Civ. P. 54(b) ..................................................................................................... 2

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. 1 ....................................................................................................... 3

U.S. Const. amend. 4 ....................................................................................................... 6

U.S. Const. amend. 5 ................................................................................................... 4, 5

U.S. Const. amend. 8 ....................................................................................................... 6

U.S. Const. amend. 9 ....................................................................................................... 3

U.S. Const. amend. 14 ..................................................................................................... 5

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

I.      INTRODUCTION

Plaintiffs' Opposition ("Opposition" or "Opp.") fails substantively to address *any* of the deficiencies in the First Amended Complaint ("FAC") identified in Defendants' Motion to Dismiss ("Motion" or "Mot.").[1]  With respect to Plaintiffs' purported claim under 42 U.S.C. § 1983 ("Section 1983") – the sole basis for this Court's jurisdiction – Plaintiffs once again fail to rebut Defendants' showing that the FAC:  (1) fails "to specifically identify which constitutional rights each defendant purportedly violated and how each defendant did so," as required by this Court's prior Order, (*see* Dkt. 40, at 5); (2) fails to allege that Defendants Ricci, Ghilotti, Keefer or Wagman were acting "under color of state law," as required to state a valid Section 1983 claim against them; (3) fails to allege that Defendant McKenney was involved (in any capacity) with the seizure of Plaintiffs' horses; and (4) fails to allege any unconstitutional custom or policy on the part of MHS, as required to establish a valid Section 1983 claim against it (*Monell* liability).  (*See* Mot., at 7-17.)  The Opposition similarly fails to address Plaintiffs' state law claims, which are likewise deficient for the reasons set forth in the Motion.  (*See* Mot., at 21-24.)  Indeed, in tacit recognition of their failure to allege a viable claim, Plaintiffs' Opposition requests yet another opportunity to amend their FAC in order to add even more state law claims, including interference with contract, defamation, fraud and malicious prosecution. (Opp., at 7.)  In light of Plaintiffs' demonstrated inability to allege even a single valid claim, this belated request should be denied.

Even more troubling, Plaintiffs' Opposition continues to argue that the FAC should not be dismissed due, in part, to Defendant Albert Burnham's "fraudulent conduct," in direct violation of this Court's prior Order *dismissing with prejudice* all claims against Burnham.  (*See* Dkt. 40.)

Finally, Plaintiffs' Opposition once again fails to acknowledge the proverbial "elephant in the room" – *i.e.*, the Hearing Officer's May 15, 2015 decision in the underlying administrative proceedings holding that MHS officers "reasonably believed that very prompt action was

---

[1]      Unless otherwise indicated, all capitalized terms used herein are defined as set forth in the Motion.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

1  necessary to protect the health and safety" of the horses on Plaintiffs' property, and thus the

2  seizures "were legally justified under Section 597.1." (*See* RJN, Ex. E, at ¶ 11.) As set forth in

3  the Motion, this decision (and any subsequent review of this decision in California state court) is

4  entitled to preclusive effect under governing Ninth Circuit and California law. Thus, even

5  assuming Plaintiffs could potentially allege an otherwise viable claim against one or more

6  Defendants (and they have not), any such claim should be dismissed, or at a minimum stayed

7  pending Plaintiffs' appeal of the administrative decision (by way of writ of mandate) in

8  California state court.[2]

9         There is simply no legitimate basis for this action to proceed in this Court at this time.

10  **II.    ARGUMENT**

11         **A.    The Court Already Dismissed With Prejudice All Claims Against Defendant
12                Albert Burnham**

13         Once again, Plaintiffs argue in their Opposition that the FAC should not be dismissed

14  due, in part, to "the fraudulent conduct of Albert Burnham" set forth therein. (Opp., at 6.) This

15  Court, however, already dismissed *with prejudice* all of Plaintiffs' claims against Burnham. (*See*

16  Dkt. 40.) In order to avoid any further litigation (and waste of judicial resources) due to

17  Plaintiffs' stubborn refusal to comply with this Court's prior dismissal Order, Defendants

18  respectfully request that the Court strike the allegations in the FAC naming Burnham as a

19  Defendant and grant Defendant Burnham's Motion to Enter Judgment Pursuant to FRCP 54(b).

20  (*See* Dkt. 49.)

21         **B.    Plaintiffs Again Fail To Allege A Viable Section 1983 Claim Against Any
22                Defendant**

23         Plaintiffs' Opposition fails to address the numerous pleading deficiencies identified in

24  Defendants' Motion. In particular, Plaintiffs' Opposition (1) fails to articulate how the FAC

---

[2]     In their Opposition, Plaintiffs claimed (for the first time) that they are unable to access cases that are "available only through private paid subscription services" such as Lexis or Westlaw (*e.g., Anderson v. Smith*, 2009 U.S. Dist. LEXIS 58804 (E.D. Cal. July 10, 2009)). (*See* Opp., at 1 & n.1.) As a courtesy, the day after the Opposition was filed, Defendants' counsel sent Plaintiffs' counsel PDF copies of all cases cited in the Motion using either a Lexis or Westlaw citation. Defendants will similarly send Plaintiffs' counsel copies of any such cases cited in this Reply (to the extent they have not already been provided).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

"specifically identif[ies] which constitutional rights each defendant purportedly violated and how each defendant did so," (*see* Dkt. 40, at 5); (2) provides no substantive response to Defendants' showing that private individuals Ricci, Ghilotti, Keefer and Wagman were not acting "under color of state law"; and (3) fails to identify any "custom or policy" of MHS that deprived Plaintiffs of a protected right, as required for MHS to be liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  Plaintiffs' Section 1983 claim should be dismissed with prejudice.

### 1.   Plaintiffs Again Fail Adequately To Allege That Any Defendant Violated Plaintiffs' Constitutional Rights

Notwithstanding Plaintiffs' attempt to mask their inadequate pleading with rhetoric regarding an unpled (and nonexistent) "conspiracy" among defendants to "steal" Plaintiffs' horses, (*see* Opp., at 4), Plaintiffs' FAC falls well short of satisfying their burden to "separate each specific claim they wish to pursue, identify which defendants relate to each particular claim, and identify the Constitutional right implicated by each claim." *Walsh v. Am. Med. Response*, 2014 U.S. Dist. LEXIS 69279, at * 19-20 (E.D. Cal. May 20, 2014).  Instead, Plaintiffs' Opposition merely recites the same laundry list of purported constitutional rights that Plaintiffs included in their FAC, without articulating how these rights were violated and which specific defendant violated each of these rights.  (*See* Opp., at 8-10.)  Plaintiffs' repeated failure to provide Defendants with adequate notice of the basis for Plaintiffs' claims against them requires dismissal.  (Motion, at 8.)

Moreover, as set forth in the Motion, *none* of the constitutional rights identified in the FAC can support a Section 1983 claim, against any Defendant, under the circumstances alleged.  (Motion, at 8-12.)  Plaintiffs' Opposition similarly fails to address this fatal pleading deficiency.

First Amendment.  In the FAC, Plaintiffs allege that Defendants have interfered with their "First Amendment liberty interests in privacy and property."  (FAC, ¶ 76.)  Notwithstanding the fact that no such First Amendment interests exist,[3] Plaintiffs contend in their

---

[3]     In their Opposition, Plaintiffs assert for the first time that the "liberty interest" at issue is conferred by either the "First or Ninth Amendment."  (Opp., at 8.)  Not only is the Ninth Amendment mentioned nowhere in the FAC, but it is well established that the Ninth Amendment

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

1   Opposition that the MHS Defendants violated this First Amendment "liberty interest" by

2   "disapprov[ing]" of the Burnells' "animal husbandry choices."  (Opp., at 8.)  Plaintiffs do not

3   and cannot explain how their "animal husbandry choices" are in any way protected under the

4   First Amendment.[4]

5          Plaintiffs further contend that the "BURNELLS['] criticism of MHS and its employees

6   catalyzed and escalated the conspirators['] seizure activities . . . ."  (Opp., at 8.)  This bald

7   contention is unsupported by any factual allegations in the FAC, such as the content of the

8   criticism, who was criticized, when it occurred, or how the seizures were thereby "catalyzed."

9   *See generally Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 2000)

10  ("In order to demonstrate a First Amendment violation, a plaintiff must provide evidence

11  showing that 'by his actions [the defendant] deterred or chilled [the plaintiff's] political speech

12  and such deterrence was a substantial or motivating factor in [the defendant's] conduct.'")

13  (citations omitted).  The absence of these factual allegations in the FAC – and Plaintiffs' inability

14  plausibly to allege any such facts – is fatal to Plaintiffs' claim.  *See, e.g., Smith v. City of*

15  *Fontana*, 818 F.2d 1411, 1424 (9th Cir. 1986) (affirming dismissal of Section 1983 claim where

16  "the complaint alleges no action of the officers or the city defendants that could conceivably

17  implicate First Amendment concerns"), *overruled in part on other grounds by Hodgers-Durgin*

18  *v. De La Vina*, 199 F.3d 1037 (9th Cir. 1999).

19         <u>Fifth Amendment.</u>  Plaintiffs' Opposition makes clear that their purported Fifth

20  Amendment claim is predicated upon a fundamental misapprehension of the difference between

21  the *civil* administrative hearings conducted pursuant to Section 597.1(f), (*see* RJN, Ex. E), and

22  the subsequent *criminal* proceedings in which Plaintiffs ultimately pled guilty to a misdemeanor

23  count of failing to provide an animal with a proper shelter or protection from the weather, (*see*

24  _____

25  does not "independently secur[e] any constitutional rights for purposes of making out a
    constitutional violation."  *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125
26  (9th Cir. 1996).  Plaintiffs' reference to the Ninth Amendment in their Opposition underscores
    the scattershot approach to their purported Section 1983 claim, and their fundamental
    misapprehension of applicable law.

27  [4]     Indeed, as the Hearing Officer in the underlying administrative proceedings found, (RJN,
    Ex. E), and as further evidenced by Jill Burnell's guilty plea for violation of animal cruelty laws,
28  (RJN, Ex. B), Plaintiffs' unfortunate "animal husbandry choices" resulted in dangerously thin
    horses whose health and safety were put in jeopardy.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

FAC, at ¶ 69; RJN, Ex. B).  Plaintiffs' bizarre assertion that "[i]t is beyond cavil that the 597.1 'hearings' were criminal, not civil, in nature and effect," (Opp., at 9), is demonstrably incorrect.  Indeed, Section 597.1(f) expressly requires that the *civil* postseizure hearing (at issue here) must take place "prior to the commencement of any criminal proceedings[.]"[5]  Accordingly, Plaintiffs' Section 1983 claim as to the Fifth Amendment should be dismissed with prejudice.

<u>Fifth and Fourteenth Amendments (Due Process)</u>.  As set forth in the Motion, "the deprivation of property under color of state law, . . . whether negligent or intentional, does not constitute a violation of the procedural requirements of the due process clause if state law affords the plaintiff a meaningful post-deprivation remedy."  *Khalafala v. Scully,* 2008 U.S. Dist. LEXIS 101590, at *12 (C.D. Cal. Dec. 16, 2008).  Here, Plaintiffs do not and cannot dispute that California law provides an adequate post-deprivation remedy for any loss of property, including animals.  (Motion, at 10-11.)  Instead, Plaintiffs simply recite the same conclusory statements contained in their FAC regarding the purported unfairness of the Section 597.1 administrative hearing, (Opp., at 8-9), while ignoring the fact that California Code of Civil Procedure 1094.5 provides Plaintiffs with an adequate opportunity to challenge (among other things) the fairness of this hearing.  *See, e.g., Anderson v. Smith*, 2009 U.S. Dist. LEXIS 58804, at *58 (E.D. Cal. July 10, 2009) (rejecting Section 1983 claim based on alleged destruction of plaintiff's animal without due process under Section 597.1, holding:  "The Ninth Circuit has determined that California law provides an adequate post-deprivation remedy for property deprivations by the state.  Pets are considered property.") (citing *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994)).

Indeed, Plaintiffs already challenged the first round of administrative proceedings pursuant to a writ of mandate under Cal. Civ. Proc. § 1094.5, and have filed a petition for writ of mandate challenging the Hearing Officer's May 15, 2015 decision in the second round of administrative proceedings.  Accordingly, Plaintiffs' Section 1983 claim as to the Fifth and

---

[5]     *See also, e.g., People v. Partridge*, 2002 WL 519843, at *3 (Cal. Ct. App. Apr. 5, 2002) ("[Section 597.1] also imposes liability on the owner for costs, ***provides for civil hearings*** for the owner to contest the validity of a seizure or proposed seizure (subds.(f)-(g)) . . . .") (emphasis added).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

1  Fourteenth Amendments (due process) should be dismissed with prejudice.

2      Eighth Amendment.  As set forth in the Motion, Plaintiffs' Eighth Amendment claim is

3  fatally flawed because the Eighth Amendment proscribes the government from imposing

4  excessive fines only as *punishment for wrongdoing*.  (Motion, at 11-12.)  The fees imposed by

5  MHS under Section 597.1, however, were not fines intended to *punish* Plaintiffs; rather, as the

6  statute explicitly states, the fees were intended to *reimburse* the seizing agency (MHS) for the

7  "cost of the seizure and care of the animal."  Cal. Penal Code § 597.1.  Plaintiffs do not even

8  attempt to refute this fact, or to distinguish the governing case law cited in Defendants' Motion.

9  *See generally Angeles v. US Airways, Inc.*, 2013 U.S. Dist. LEXIS 22423, at *12 (N.D. Cal. Feb.

10  19, 2013) (plaintiff's "fail[ure] to respond to the argument . . . amounts to a concession"); *In re*

11  *Online DVD Rental Antitrust Litig.*, 2011 U.S. Dist. LEXIS 150312, at*69 (N.D. Cal. Nov. 23,

12  2011) (failure to respond to argument on the merits is "viewed as grounds for waiver or

13  concession of the argument").  Plaintiffs' Section 1983 claim as to the Eighth Amendment

14  should be dismissed with prejudice.

15                                            ***

16      Accordingly, as set forth in the Motion, the only *conceivable* basis for a Section 1983

17  claim in this action would be a Fourth Amendment claim based on the allegedly improper

18  seizure of Plaintiffs' horses.  As set forth below, however, Plaintiffs do not and cannot allege a

19  viable Section 1983 claim on this basis, against any Defendant.

20
21         **2.**      **MHS Employees Were Statutorily Obligated to Seize Plaintiffs'**
              **Horses**

22      As a threshold matter, Plaintiffs vaguely contend in their Opposition that MHS

23  employees were not "Humane Officers" and thus were not authorized to seize Plaintiffs' horses

24  under Section 597.1.  (*See* Opp., at 5.)  This contention is belied by the underlying statutory

25  framework.  California Corporations Code § 14501 permits societies "incorporated and

26  organized for the prevention of cruelty to animals" to contract with any city or county in which

27  they are located "to enforce the provisions of laws of this state for the prevention of cruelty to

28  animals[.]"  Pursuant to this provision, Marin County "appointed [MHS] as the animal services

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
6
REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

agency for the county" and vested MHS with the authority to "appoint suitable persons to act as Animal Services Officers."  Marin Municipal Code § 8.04.110.  Section 597.1(a)(1), in turn, requires that "[a]ny peace officer, humane society officer, or animal control officer" seize an animal when he or she "has reasonable grounds to believe that very prompt action is required to protect the health or safety of the animal[.]"  As a result, MHS officers not only were authorized to seize the suffering horses found on Plaintiffs' property, but they were *required* to do so under Section 597.1.

In any event, Plaintiffs already raised this erroneous contention to the California Court of Appeal, which unambiguously rejected it, holding:  "California Penal Code section 597.1 requires MHS 'immediately [to] seize [an] animal' when it 'has reasonable grounds to believe that very prompt action is required to protect the health or safety of the animal.'"  *Burnell v. Marin Humane Society*, 2014 WL 5035723, at *1 (Cal. Ct. App. Oct. 9, 2014) (quoting Cal. Penal Code 597.1(a)(1)).

Plaintiffs further contend that the seizure of their horses was *per se* unlawful because it was done without a warrant.  (*See* Opp., at 4.)  But numerous California and federal courts have held that where, as here, the requirements of Section 597.1 have been satisfied, no warrant is required.  *See, e.g., Anderson v. Smith*, 2009 U.S. Dist. LEXIS 58804, *42 (E.D. Cal. July 10, 2009) (rejecting Section 1983 claim based on alleged destruction of plaintiff's animal without due process under Section 597.1, holding:  "There is no question that law enforcement officers may make a warrantless entry of a building when there are reasonable grounds for believing that persons inside are in need of immediate aid. . . .  Section 597.1 clearly contemplates that animals shall receive a similar solicitude.") (quoting *Broden v. Marin Humane Society*, 70 Cal. App. 4th 1212, 1222 (1999)).

Thus, as set forth in the Motion (and below), the Hearing Officer's decision in the underlying administrative proceedings that the MHS Defendants' seizure of Plaintiff's horses was reasonable and proper under Section 597.1 is fatal to Plaintiffs' Section 1983 claim.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

3.     **Plaintiffs Do Not And Cannot Allege That Individual Defendants Ricci, Ghilotti, Keefer Or Wagman Acted "Under Color of State Law"**

To state a claim under Section 1983, Plaintiffs must allege facts demonstrating, *inter alia*, "that the Defendants acted under color of state law." *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). Plaintiffs once again have failed to provide any plausible basis to infer that private citizens Wagman, Ricci, Ghilotti or Keefer acted under color of state law with respect to the seizure of their horses. The claims against these individual defendants should be dismissed with prejudice. (*See* Motion, at 12-15.)

Defendant Wagman. In the FAC, Plaintiffs allege that Wagman was a volunteer "member of the Marin Humane Society Board of Directors" and "MHS' authorized spokesman," but concede that Wagman otherwise "acted outside of any limited authority he may have had as a volunteer or director of MHS, acting as a private individual[.]" (FAC, ¶ 19.) This concession that Wagman was not acting in an official capacity – coupled with Plaintiffs' failure to allege that Wagman was even *involved* with the seizure of Plaintiffs' horses – is fatal to their Section 1983 claim. (*See* Motion, at 13.) Plaintiffs' Opposition does not even attempt to address the FAC's deficiencies as to Wagman, and the Section 1983 claim against him should be dismissed with prejudice.

Defendants Ricci and Ghilotti. Plaintiffs' Opposition confirms that their claims against Ricci and Ghilotti are based on nothing more than the allegation that these defendants conveyed to MHS "a false story of abuse and neglect of the BURNELLS' horses." (Opp., at 5.) Under well-established law – and as this Court previously held, (Dkt. 40, at 5-6) – merely providing information to law enforcement officers cannot, as a matter of law, transform private conduct into state action – even if the information is known to be false. (*See* Motion, at 13.) Moreover, Plaintiffs' vague assertion that Ricci and Ghilotti made these reports as part of a purported "conspiracy to steal" Plaintiffs' horses, (Opp., at 5), is unsupported by any factual allegations – much less plausible factual allegations – and thus is insufficient to state a valid claim. (Motion, at 13-14.)

Defendant Keefer. As set forth in the Motion, Dr. Keefer acted solely in his capacity as a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

1   private veterinarian with respect to the seizure of Plaintiffs' horses, and thus he did not act

2   "under the color of state law." (Motion, at 14-15.) In response, Plaintiffs cite case law for the

3   unremarkable proposition that, as a general matter, it is *possible* for private individuals to be held

4   liable under Section 1983 if they act jointly with the state. But Plaintiffs do not and cannot cite a

5   single allegation in the FAC explaining how *Keefer* qualifies as such a joint actor. (Opp., at 5-

6   6.)[6] Accordingly, Plaintiffs' Section 1983 claim against Keefer should be dismissed with

7   prejudice. (Motion, at 13-14.)

8        <u>Defendant McKenney</u>. As in the original Complaint and the FAC, Plaintiffs' Opposition

9   again fails to explain how Defendant McKenney was involved – in any capacity – in the seizure

10  of Plaintiffs' horses. While Plaintiffs argue that McKenney had an unspecified "supervisory

11  role" at MHS, they fail to connect this contention to any actual conduct on her part that resulted

12  in a deprivation of Plaintiffs' rights. (*See* Opp., at 5-6.)

13                                       \*\*\*

14       In sum, Plaintiffs do not and cannot allege that individual Defendants Wagman, Ricci,

15  Ghilotti or Keefer acted "under color of state law," or that Defendant McKenney was involved

16  (in any capacity) in the seizure of Plaintiffs' horses. Accordingly, Plaintiffs' Section 1983 claim

17  against these Defendants should be dismissed with prejudice.

18          **4.**      **Plaintiffs Do Not And Cannot Allege a *Monell* Claim Against MHS**

19       As set forth in the Motion, MHS cannot be held liable under Section 1983 based solely

20  on the acts of its employees. (Motion at 16-17.) Instead, Plaintiffs must allege that an MHS

21  "policy or custom" inflicted their purported constitutional injury. *Monell v. Department of*

22  *Social Services*, 436 U.S. 658, 694 (1978); *see also Young v. County of Hawaii*, 947 F. Supp. 2d

23  1087, 1114 (D. Haw. 2013) (applying *Monell* analysis to humane society). In both the FAC and

24  the Opposition, Plaintiffs fail even to *identify* a relevant custom or policy implemented by MHS,

25  _____

26  [6]     In a footnote, Plaintiffs refer to the "integral participant" doctrine, (Opp. at 6, n. 6),
    pursuant to which "*Officers* who are 'integral participants' in a constitutional violation are
27  potentially liable under § 1983, even if they did not directly engage in the unconstitutional
    conduct themselves." *Bracken v. Okura*, 955 F. Supp. 2d 1138, 1152 (D. Haw. 2013) (emphasis
    added). This doctrine is designed to extend liability to *state actors* who participated in a
28  deprivation of rights; it has no bearing on whether a private individual, such as Keefer, acted
    under color of state law.

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

1  much less "allege such facts explaining how the policy or custom was deficient, how it caused

2  the alleged harm, and how the infirmity of the custom or policy was so obvious that

3  policymakers were on notice that the constitutional injury was likely to occur." *Dominguez v.*

4  *County of Kern*, 2014 U.S. Dist. LEXIS 80335, *20 (E.D. Cal. June 9, 2014).  Indeed, the only

5  policies referenced in Plaintiffs' Opposition are the County of Marin's purported "policies,

6  customs and practices" of delegating authority to enforce the animal welfare laws to MHS.

7  (Opp., at 4.)  Not only is this "policy" implemented by the County, not MHS, but it also is

8  expressly authorized by California state law, as set forth above.  (*See supra* Section II.B.2.)[7]

9        Accordingly, Plaintiffs' Section 1983 claim against MHS should be dismissed with

10  prejudice.

11
12        **C.    This Action Should Be Dismissed, Or In The Alternative Stayed, In Light Of
               The Underlying Administrative And State Court Proceedings**

13        As set forth in the Motion, the decision of the Hearing Officer in the underlying

14  administrative proceedings (and any subsequent review of this decision in California state court)

15  is entitled to preclusive effect under governing Ninth Circuit and California law.  (Motion, at 18-

16  21.)  *See, e.g., Clemes v. Del Norte County Unified Sch. Dist.*, 1995 U.S. Dist. LEXIS 14298,

17  *10-11 (N.D. Cal. Sept. 19, 1995) ("The Supreme Court has held that state court judgments are

18  to be given the same preclusive effect in Section 1983 actions as they would be given in the state

19  in which they were rendered . . . Moreover, the Supreme Court has afforded the same effect to

20  decisions by administrative agencies when they act in their judicial capacity.") (citing, *inter alia*,

21  *University of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986)).  Plaintiffs' Opposition fails to

22  address *any* of the governing case law regarding collateral estoppel cited in Defendants' Motion.

23
_____

[7]        To the extent that Plaintiffs contend MHS is liable under *Monell* because Section 597.1 is
24  itself unconstitutional, Plaintiffs already have raised precisely this issue in their petition for writ
     of mandamus, filed in Marin County Superior Court.  (*See* RJN, Ex. F, at ¶¶ 32-42 (Fifth Cause
25  of Action).)  In any event, Plaintiffs have failed to follow the requisite procedures for
     challenging the constitutionality of a state statute in federal court.  In particular, Federal Rule of
26  Civil Procedure 5.1 "requires '[a] party that files a pleading, written motion, or other paper
     drawing into question the constitutionality of a federal or state statute' to 'file a notice of
27  constitutional question' and serve such notice on the relevant sovereign's attorney general."
     *Peruta v. County of San Diego*, 771 F.3d 570, 574 (9th Cir. 2014), quoting Fed. R. Civ. Proc.
28  5.1.  Plaintiffs have not filed any such notice, nor have they served it on the California Attorney
     General.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

1    Instead, Plaintiffs argue that the underlying administrative and state court proceedings are "not

2    relevant" to this action under the Ninth Circuit's recent decision in *Wabakken v. California Dep't*

3    *of Corr. & Rehab.*, No. 13-56075, 2015 WL 5315411 (9th Cir. Sept. 14, 2015).  (Opp., at 9.)

4         *Wabakken* is inapposite.  There, a California Corrections Department employee appealed

5    his termination to the California State Personnel Board, where an administrative law judge

6    upheld some, but not all, of the adverse actions taken against him.  *Id.* at *1.  The employee

7    raised a whistleblower retaliation affirmative defense during the administrative proceeding, and

8    later filed a complaint in federal court alleging that his former employer (and others) had

9    retaliated against him for disclosing improper government activities.  *See id.* at *3 & n. 3.  The

10   Ninth Circuit first observed:  "Significantly, under California Supreme Court precedent, a court

11   may not give preclusive effect to the decision in a prior proceeding if doing so is contrary to the

12   intent of the legislative body that established the proceeding in which res judicata or collateral

13   estoppel is urged."  *Id.* at *5 (internal quotation marks omitted).  The court then analyzed a prior

14   decision by the California Supreme Court, which held that the statute at issue – the California

15   Whistleblower Protection Act – "expressly acknowledged the existence of [a] parallel

16   administrative remedy," and "the Legislature did not intend the State Personnel Board's findings

17   in a whistleblower retaliation case to have a preclusive effect against the complaining

18   employee."  *Id.* (internal alterations and quotation marks omitted).  In light of this binding

19   precedent, the Ninth Circuit concluded that under the California Whistleblower Protection Act,

20   decisions by the State Personnel Board regarding whistleblower retaliation claims are not entitled

21   to preclusive effect.  *Id.* at *6.

22        Unlike the unique statutory scheme at issue in *Wabakken*, Plaintiffs do not and cannot

23   cite any decision holding that Section 597.1 authorizes "parallel" administrative and federal

24   court actions, or that the Legislature did not intend for the hearing process set forth in Section

25   597.1 to have preclusive effect.  To the contrary, the Hearing Officer's decision in the underlying

26   administrative proceedings (conducted pursuant to Section 597.1) is entitled to preclusive effect

27   under governing Ninth Circuit and California law, as set forth in the Motion.  (Motion, at 18-20.)

28   Moreover, Plaintiffs do not and cannot cite any authority – under any statutory scheme – which

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

1   authorizes what they are attempting to do here:  (1) initiate administrative proceedings under

2   Section 597.1 (and receive an adverse decision); (2) file a petition for writ of mandamus in state

3   court; and (3) *simultaneously* litigate the very same claims in federal court by way of a Section

4   1983 claim.

5          There is simply no legitimate basis for this action to proceed in this Court at this time.

6   Accordingly, to the extent that any claims would otherwise survive the instant Motion to

7   Dismiss, the Court should – at a minimum – stay this action pending final resolution of the

8   underlying administrative and state court proceedings.

9
10   **D.   Plaintiffs Again Fail to Allege A Viable State Law Claim Against Any
          Defendant**

11          In light of Plaintiffs' failure to allege a viable federal claim, this Court should decline to

12   exercise supplemental jurisdiction over Plaintiffs' state law claims. In any event, as set forth in

13   the Motion, Plaintiffs' state law claims fail for a variety of reasons, including:  (1) the preclusive

14   effect of the underlying administrative and state court proceedings; (2) state law immunity; and

15   (3) Plaintiffs' repeated failure to allege a viable claim for portrayal in a false light (claim 5);

16   public disclosure of private facts/invasion of the constitutional right to privacy (claim 6); and

17   negligent/intentional infliction of emotional distress (claim 7).  (Motion, at 21-24.)

18          Aside from Plaintiffs' erroneous reliance on *Wabakken* (discussed above), Plaintiffs'

19   Opposition fails to address the preclusive effect of the underlying administrative and state court

20   proceedings.  Accordingly, dismissal of Plaintiffs' state law claims – at least with respect to

21   trespass to land (claim 2), trespass to chattels (claim 3) and conversion (claim 4) – is warranted

22   on this basis alone.  (*See* Motion, at 18-20 & n. 12.)

23          With respect to MHS's and its employees' immunity from liability on each of Plaintiffs'

24   state law claims, Plaintiffs' sole response is a mischaracterization of the court's holding in

25   *Jackson v. Silicon Valley Animal Control Auth.*, 2008 U.S. Dist. LEXIS 76837 (N.D. Cal. Oct. 2,

26   2008).  (*See* Opp., at 6-7.)  In *Jackson*, the Silicon Valley Animal Control Authority ("SVACA")

27   seized the plaintiffs' dogs and conducted a postseizure hearing pursuant to Section 597.1.  *Id*. at

28   *5-6.  The dogs were then turned over to the Humane Society of Silicon Valley, which did not

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

1    participate in either the seizure or the postseizure hearing held under Section 597.1.  *Id.* at *7.

2    The court held that the SVACA and its employees were entitled to immunity from each of the

3    plaintiff's state law claims for all discretionary actions undertaken pursuant to Section 597.1.  *Id.*

4    at *14-16.  In so holding, the court noted that the Silicon Valley Humane Society had not sought

5    such immunity (presumably because it became involved only *after* the Section 597.1 seizure and

6    postseizure hearing had been completed).  Here, in contrast, MHS and its employees seized

7    Plaintiffs' horses and participated in the postseizure hearings pursuant to Section 597.1.

8    Accordingly, they are entitled to immunity from Plaintiffs' state law claims for any discretionary

9    actions undertaken pursuant to Section 597.1, under California Government Code §§ 815 &

10   820.2.  (Motion, at 21-22.)

11          Finally, Plaintiffs' Opposition does not substantively address the FAC's failure to allege

12   a viable claim for portrayal in a false light (claim 5); public disclosure of private facts/invasion

13   of the constitutional right to privacy (claim 6); and negligent/intentional infliction of emotional

14   distress (claim 7).  With respect to claim 7, Plaintiffs improperly allege for the first time in their

15   Opposition that they have suffered from a litany of emotional and physical symptoms.  (Opp., at

16   7-8.)  These belated allegations cannot save this claim from dismissal.  *See Schneider v.*

17   *California Dept. of Corrections*, 151 F.3d 1194, 1197 fn. 1 (9th Cir. 1998) ("The 'new'

18   allegations contained in the . . . opposition motion . . . are irrelevant for Rule 12(b)(6)

19   purposes.").  Even taking these allegations into account, Plaintiffs still have failed to allege

20   (among other things) any "outrageous conduct" by Defendants (as required to state a claim of

21   either negligent or intentional infliction of emotional distress), or the requisite elements of

22   negligence, including duty, breach, causation and damages (as required to state a claim of

23   negligent infliction of emotional distress).  (Motion, at 24.)  Accordingly, Plaintiff's state law

24   claims 5-7 should be dismissed with prejudice.

25          **E.    Plaintiffs' FAC Should Be Dismissed With Prejudice**

26          In its prior dismissal order, this Court granted Plaintiffs leave to amend their original

27   Complaint with instructions to cure several, specific pleading defects.  (Dkt. 40.)  Plaintiffs failed

28   to address these defects in their FAC, and similarly failed substantively to address these defects

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC

in their Opposition.  Moreover, Plaintiffs have failed to provide the Court with any basis to conclude that the FAC could, in fact, be amended to state a valid claim against any Defendant. Accordingly, the FAC should be dismissed without leave to amend.  *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (leave to amend need not be granted where it "would cause the opposing party undue prejudice" or "constitutes an exercise in futility . . . . The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint").

## III.   CONCLUSION

For the reasons set forth above and in the Motion, Defendants respectfully request that Plaintiffs' FAC be dismissed with prejudice or, in the alternative, that the action be stayed (as to any Defendant against whom the FAC has not been dismissed with prejudice) pending final resolution of the underlying administrative and state court proceedings.

DATED: September 22, 2015                    LATHAM & WATKINS LLP

By: */s/ Jonathan M. Jackson*
    Jonathan M. Jackson

355 South Grand Avenue
Los Angeles, California 90071
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763
Email:  jonathan.jackson@lw.com

*Attorneys for Defendants Marin Humane Society, Nancy McKenney, Cindy Machado, Steve Hill, Michelle Rogers, Bruce Wagman, Albert Burnham, Nathan Keefer, Dina Ricci, and Genevieve Ghilotti*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

REPLY I/S/O MOTION TO DISMISS THE FAC
OR, IN THE ALTERNATIVE, TO STAY
Case No. 3:14-cv-05635-JSC